IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-175 |
| | ) | |
| ROSLYN NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Gwinnett County Correctional Institution in Lawrenceville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Augusta, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

**I.    BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and counts as strikes: (1) Horry v. Clark, CV 624-062 (S.D. Ga. Oct. 28, 2024) (dismissed for failure to state a claim and for abusing judicial process by providing dishonest disclosures on complaint form); Horry v. United States, CV 123-073 (S.D. Ga. Apr. 14, 2023) (dismissed for abusing judicial process by providing dishonest disclosures on complaint form); Horry v. Kemp, CV 123-064 (S.D. Ga. May 18, 2023) (dismissed for failure to state a claim and for abusing judicial process by providing dishonest disclosures on complaint form).[1]

---

[1] The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history. Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*); Rivera, 144 F.3d at 731 (explaining abuse of judicial process dismissal "is precisely the type of strike that Congress envisioned when drafting section 1915(g)" and counting as strike a case dismissed as sanction for lying about existence of prior lawsuit); see also Ballard v. Ivey, No. 5:24-cv-0377, 2024 WL 5080236, at *1 (M.D. Ga. Dec. 11, 2024) (citing Eleventh Circuit cases which approve counting dismissal for failing to disclose prior lawsuit as a strike).

Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.     Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Sutton v. Dist. Atty's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).  Complaints of past injuries or vague claims of possible danger are insufficient to satisfy the exception.  Jones v. Oliver, No. 7:24-cv-00097, 2024 WL 4933336, at *1 (M.D. Ga. Dec. 2, 2024).  "The alleged imminent injury must be sufficiently serious, that is, severe or life-threatening," and the imminent danger exception is to be applied only in genuine emergencies.  Id. (internal citations and quotation marks omitted).

In his complaint, Plaintiff alleges he sent Defendant a "Notice of Intent to Make Bond Claim" regarding the use of a "false victim" at his bond hearing, and her failure to respond to this notice, on top of her failure to respond to Plaintiff's follow-up inquiries, constitutes an "acquiescence" that she violated Plaintiff's rights.  (Doc. no. 1, pp. 14-15.)  Plaintiff seeks monetary damages and a declaratory judgment to "enforce the terms of his Notice to Make Bond Claim."  (Id. at 15.)  Plaintiff alleges no physical injuries, past or present.  (See generally id.)

3

Plaintiff's allegations are insufficient to satisfy the imminent danger exception. Indeed, he alleges no specific facts supporting any threat of ongoing or imminent serious physical injury whatsoever. Rather, his complaint solely alleges claims regarding his bond hearing and Defendant's failure to respond to his mailed notices, none of which has any bearing on Plaintiff's physical safety. (See generally id.) None of these allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule. See Odum v. Bryan Cnty. Jud. Cir., No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose: (1) whether they have had any case dismissed based on the three-strike rule in 28 U.S.C. § 1915(g); (2) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (3) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (4) the disposition of any such lawsuits. (Doc. no. 1, pp. 9-12.) Under the question concerning three strikes, the prisoner plaintiff is instructed to state which court dismissed the case and when. (Id. at 10.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing

4

the case, and the date of filing and disposition. (Id. at 11-12.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 12.)

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff only disclosed one other lawsuit, Horry v. Triplett, CV 423-123 (M.D. Ga. May 31, 2023), which he states is "still pending." (Doc. no. 1, pp. 11-12.) Plaintiff also checked the "no" box when asked if he had any cases previously dismissed based on the three-strike rule in 28 U.S.C. § 1915(g).

However, the Court is aware of at least four other cases Plaintiff has filed but were not disclosed on the complaint form. First, Plaintiff failed to disclose three of his prior cases constituting "strikes" under the PLRA. See Horry v. Clark, CV 624-062 (S.D. Ga. Oct. 28, 2024); Horry v. United States, CV 123-073 (S.D. Ga. Apr. 14, 2023); Horry v. Kemp, CV 123-064 (S.D. Ga. May 18, 2023). Plaintiff also failed to identify another case currently pending in this District: Horry v. Danforth, CV 524-079 (S.D. Ga. Oct. 28, 2024). Plaintiff commenced all of the above-identified cases before filing his complaint in the instant case, meaning he had every chance to fully disclose his complete prior filing history along with the one case he listed.

Moreover, as described in Section II.A *supra*, this is not the first time the Court has recommended one of Plaintiff's cases be dismissed as a sanction for failing to fully disclose his filing history. See Horry v. Clark, CV 624-062 (S.D. Ga. Oct. 28, 2024); Horry v. United States, CV 123-073 (S.D. Ga. Apr. 14, 2023); Horry v. Kemp, CV 123-064 (S.D. Ga. May 18, 2023). Accordingly, Plaintiff had ample notice about the requirement to disclose his complete filing history on the complaint form, and yet he nonetheless failed to do so.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

5

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I,

857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

In sum, Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.  Plaintiff's filing history further supports he is well-aware of his obligation to fully disclose his complete filing history. Accordingly, even if Plaintiff were not barred by the three strikes rule from proceeding IFP, this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[2]

### III.   CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that

---

[2] Plaintiff's claims in the instant case allege issues arising in July 2024.  (See doc. no. 1, pp. 14-20) Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so.  See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 12th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA