IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-175 |
| | ) | |
| ROSLYN NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 7.) The Magistrate Judge recommended denying the motion to proceed *in forma pauperis* ("IFP") and dismissing the case because Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g), and he does not qualify for the "imminent danger of serious physical injury" exception to the three strikes rule. (See doc. no. 5, pp. 1-4.) The Magistrate Judge also recommended dismissal of the case because Plaintiff failed to truthfully disclose his prior filing history. (See id. at 4-7.) In his objections, Plaintiff argues two cases the Magistrate Judge counted as strikes are not strikes, and he takes issue with the Magistrate Judge's recommendation that he failed to truthfully disclose his filing history. (See doc. no. 7.) Plaintiff's objections are unavailing.

Regarding his objections that two of his prior cases do not count as strikes, Plaintiff contends Horry v. United States, CV 123-073 (S.D. Ga. Apr. 14, 2023) and Horry v. Kemp, CV 123-064 (S.D. Ga. May 18, 2023) were not strikes because they were both dismissed on

the basis that Plaintiff's claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994).[1] (Doc. no. 7, p. 1.) Thus, Plaintiff argues, this reason for dismissal is not a strike because these claims have not yet accrued, as his conviction has not yet been invalidated. (See id.) For these reasons, Plaintiff argues these cases are not strikes because he can refile them if his sentence is invalidated. (See id.)

Plaintiff's arguments about why both cases are not strikes lack merit. First, Plaintiff overlooks that CV 123-073 was dismissed because Plaintiff "abused the judicial process by providing dishonest information about his filing history," see CV 123-073, doc. no. 20, *adopted by* doc. no. 22, which as the Magistrate Judge explained, constitutes a strike under the Prison Litigation Reform Act, (doc. no. 5, p. 2, n.1 (citing Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*) & Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007)). Although the Report and Recommendation in CV 123-073 noted "[f]or the sake of completeness," Plaintiff's claims were also barred under Heck v. Humphrey, the action was dismissed as a sanction for abuse of the judicial process.[2] CV 123-073, doc. no. 20, p. 6, *adopted by* doc. no. 22.

Plaintiff likewise neglected to address that one basis for dismissal of CV 123-064 was because he failed to accurately disclose his filing history. Specifically, CV 123-064 was

---

[1] Although Plaintiff did not specifically cite Heck v. Humphrey, the substance of his objections describes this doctrine. (Doc. no. 7, p. 1.) For his objection regarding CV 123-073, Plaintiff argues this case "was dismissed because it dealt with a conviction that had not yet been overturned and [Plaintiff] could not argue these violations until an appeal or habeas corpus judge overturn his conviction or is ruled invalid; the court dismiss this claim without prejudice so once Plaintiff has his habeas corpus . . . he will be refiling this claim." (Id.) Regarding the dismissal of CV 123-064, Plaintiff contends "the courts ruled the same thing until the conviction was ruled overturned or [void] the court cannot make a ruling." (Id.)

[2] Moreover, as described below, dismissal under Heck v. Humphrey is a dismissal for failure to state a claim in the Eleventh Circuit. Accordingly, this argument is unavailing.

2

dismissed "[b]ecause Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted." CV 123-064, doc. no. 18, *adopted by* doc. no. 23. As described above, dismissal based on Plaintiff's failure to truthfully disclose his filing history counts as a strike. (See doc. no. 5, p. 2, n.1 (citations omitted).) Thus, there is no doubt this case is a strike.

Although the inquiry could end here, for the sake of completeness, the Court briefly addresses Plaintiff's contention that CV 123-064 is not a strike because it was dismissed under the Heck v. Humphrey doctrine. As noted above, CV 123-064 was also dismissed because Plaintiff failed to state a claim, as his claims were barred under Heck v. Humphrey, and to the extent he brought claims not demonstrating the invalidity of his criminal judgment, because they were barred under the applicable statute of limitations. See id., doc. no. 18, pp. 7-8. Dismissal for failure to state a claim also counts a a strike under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

Plaintiff argues dismissal under Heck does not establish that he failed to state a claim, but Eleventh Circuit precedent establishes he is incorrect. See Rosa v. Satz, 840 F. App'x 491, 492-93 (11th Cir. 2021) (*per curiam*) (affirming district court's dismissal of plaintiff's fraud claim for failure to state a claim because the claim was barred by Heck v. Humphrey); Curtis v. United States, 479 F. App'x 255, 258 (11th Cir. 2012) (*per curiam*) (affirming district court's dismissal of plaintiff's complaint for failure to state a claim because his claims were barred by Heck v. Humphrey). Additionally, district courts in the Eleventh Circuit have counted dismissals under Heck v. Humphrey as strikes because they fail to state a claim. See, e.g., Hicks v. Jones, No. 4:18-CV-379, 2018 WL 4345280, at *3 (N.D. Fla. Aug. 17, 2018) (determining Plaintiff "incurred another qualifying dismissal" and was "subject to the three-

3

strikes bar of § 1915(g)" where Plaintiff's complaint was dismissed for failure to state a claim because his claims were "barred by Heck"), *adopted by* 2018 WL 4344471 (N.D. Fla. Sept. 11, 2018); Holland v. Inch, No. 3:19-CV-416, 2019 WL 1995345, at *2 (N.D. Fla. Apr. 16, 2019), (dismissing plaintiff's complaint for failure to state a claim based on Heck v. Humphrey and specifically recommending "[t]hat this dismissal be deemed a 'strike' for purposes of 28 U.S.C. § 1915(g)"), *adopted by* 2019 WL 1993548 (N.D. Fla. May 6, 2019). Thus, contrary to Plaintiff's assertion, this case is a strike under the Prison Litigation Reform Act for this reason as well.

Because the Magistrate Judge correctly determined CV 123-073 and CV 123-064 count as strikes, and Plaintiff does not contest the third, and correct, determination that his former case, Horry v. Clark, CV 624-062 (S.D. Ga. Oct. 28, 2024), also counts as a strike, the Magistrate Judge properly concluded Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g). Accordingly, Plaintiff's objections the Magistrate Judge "misinterpret[ed]" these two cases to "fit his agenda" are baseless. (Doc. no. 7, p. 1.)

Plaintiff also disputes the recommendation that his case be dismissed as a sanction for failure to accurately disclose his filing history because he did not realize his pending case, Horry v. Danforth, CV 524-079 (S.D. Ga. Oct. 28, 2024), was a lawsuit relating to the conditions of his confinement because it is a case about his legal mail being opened. (Doc. no. 7, p. 2.) The Magistrate Judge also recommended the above-captioned case be dismissed because Plaintiff failed to disclose four of his former cases, including CV 524-079. (Doc. no. 5, pp. 4-5.) Plaintiff provides no explanation in his objections for why he did not disclose three other cases cited by the Magistrate Judge: CV 624-062, CV 123-073, and CV 123-064. (See doc. no. 7.) Thus, even if the Court accepted Plaintiff's justification for why he did not disclose

CV 524-079, Plaintiff failed to fully disclose his filing history because he did not disclose three other cases relating to conditions of his confinement. Indeed, in CV 624-062, the undersigned overruled Plaintiff's objections and explained he had an obligation to disclose CV 123-064 and CV 123-073 in response to such a complaint form question. CV 624-062, doc. no. 11. Although Plaintiff has already been warned about his obligation to disclose these cases, he again failed to do so here. For these reasons, the Magistrate Judge's recommendation of dismissal based on Plaintiff's dishonestly is well-supported.

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*, (doc. no. 2), **DISMISSES** this action without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 25th day of September, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA